ARCHER & GREINER
A Professional Corporation
21 Main Street – Suite 353
Court Plaza South, West Wing
Hackensack, New Jersey 07601
Attorneys for Plaintiff, TGMJM Intellectual Holdings, LLC
BY:   PATRICK PAPALIA, ESQUIRE
      MICHAEL J. FORINO, ESQUIRE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## NEWARK VICINAGE

| | |
|---|---|
| TGMJM INTELLECTUAL HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DUKE & DUKES ENTERPRISE LLC,<br><br>Defendant. | Civil Action No. _____<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED<br><br>Electronically Filed |

TGMJM Intellectual Holdings, LLC ("Plaintiff" or "TGMJM"), by way of Complaint against Defendant Duke & Dukes Enterprise LLC ("Defendant" or "Duke") alleges as follows:

### THE PARTIES

1. TGMJM is a domestic limited liability company.

2. Duke is a limited liability company organized and existing under the laws of the State of California, with its principal place of business located at 8306 Wilshire Boulevard, Suite 365, Beverly Hills, CA 90211.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because claims asserted herein arise under the Lanham Act, 15 U.S.C. §§ 1114, 1125, and this Court exercises original jurisdiction pursuant to 15 U.S.C. §§ 1117, 1125(a), and 28 U.S.C. § 1338(a).

This Court also exercises supplemental jurisdiction over TGMJM's pendant state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Duke because Duke transacts business within New Jersey and derives substantial revenue from intrastate and interstate commerce. Further, Duke knowingly and in bad faith engaged in the acts and conduct set forth herein, including advertising and selling products under the infringing mark at issue in this action, with the reasonable expectation that such products would be advertised and sold in the State of New Jersey. In addition, Duke has caused and continues to cause harm to TGMJM in this district.

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(a) and (b) because Duke is subject to personal jurisdiction in this District.

## FACTUAL ALLEGATIONS

**TGMJM's PAPI Trademark**

6. On or about July 18, 2006, TGMJM's predecessor-in-interest, T& Beer, Inc. ("T & Beer"), applied to register with the United States Patent and Trademark Office (the "PTO") the trademark, PAPI (the "Mark"), for use in connection with wine products. On June 10, 2008, the PTO issued the Certificate of Registration under Registration Number 3,446,992, attached hereto as **Exhibit A**.

7. On or about July 17, 2017, T & Beer assigned to TGMJM all of its interest and goodwill in the Mark and the Registration. A copy of the Notice of Recordation of Assignment is attached hereto as **Exhibit B**.

8. On or about March 24, 2020, TGMJM applied to the PTO register the Mark in connection with liquor products. On January 9, 2024, the PTO issued the Certification of Registration under Registration Number 7,269,996, attached hereto as **Exhibit C.**

9. TGMJM has a pending application to use the Mark in connection with beer and soft drink products under App. Ser. No. 98394867.

10. TGMJM and its predecessor-in-interest, T & Beer, have consistently used the Mark since 2007 in interstate commerce to develop a substantial and growing market for their goods.

11. In furtherance of the successful efforts to build substantial goodwill in the Mark, TGMJM has invested heavily, both in time and in capital, in the promotion of and in marking campaigns for goods bearing the Mark.

**Duke's Unauthorized Activities**

12. Duke has been using the mark PAPI'S BOURBON in connection with Duke's liquor products.

13. Duke uses such mark on its websites located at https://papisbourbon.com/, https://papisbourbonworld.com/, and https://papisbourbon.godaddysites.com/.

14. Duke also uses such mark on its social media pages, including but not limited to those located at https://www.instagram.com/papisbourbon/?hl=en and https://www.tiktok.com/@papisbourbon.

15. On or about December 5, 2024, Duke filed with the PTO an application to register the mark "PAPI'S BOURBON" in Class 033 for use in connection with "Bourbon whiskey; Brandy spirits; Spirits and liquors: Whiskey spirits".

16. Duke's PAPI'S BOURBON mark is strikingly similar and nearly identical to TGMJM's Mark.

17. TGMJM has constructive use priority in the Mark.

18.     Duke's use of PAPI BOURBON in connection with liquor products constitutes an actionable use of a word, a false designation of origin, and a false and misleading description or representation of fact which is likely to cause confusion, to cause mistake or to deceive as to Duke's affiliation with TGMJM, or as to the origin, sponsorship or approval of Duke's goods by TGMJM.

19.     Duke's use of "PAPI'S BOURBON" for use in connection with liquor products infringes TGMJM's rights in the Mark.

20.     TGMJM has demanded that Duke immediately cease and desist from using PAPI'S BOURBON in connection with liquor products, but to no avail.

21.     As a result of Duke's actions, TGMJM has and will continue to be damaged and irreparably harmed.

**FIRST CAUSE OF ACTION**
**Trademark Infringement**
**15 U.S.C. §1114(1)**

22.     TGMJM repeats and realleges the allegations contained in prior paragraphs as if fully set forth herein.

23.     TGMJM's registrations for the Mark are in full force and effect, and the trademark thereof and the goodwill of TGMJM's business in connection with which its trademark is used has never been abandoned.

24.     TGMJM's '992 registration for the Mark is incontestable.

25.     TGMJM intends to continue to preserve and maintain its rights with respect to its trademark registrations for the Mark.

26.     TGMJM's Mark and the goodwill associated therewith are of inestimable value to TGMJM.

27. Upon information and belief, Duke commenced and continued its unauthorized use of the Mark with full knowledge of and by reason of the fact that the Mark is highly valuable.

28. Duke's use of the Mark has been without the consent of the TGMJM.

29. The activities of Duke complained of herein constitute willful and intentional infringement of the Mark as protected by the respective registrations set forth above. Duke has acted in complete disregard of TGMJM's rights and in spite of Duke's knowledge that its unauthorized use of the Mark or any mark likely to be confused therewith infringes TGMJM's rights.

30. Duke's infringement of the Mark is likely to cause confusion and mistake in the minds of the purchasing public.

31. Duke's infringement of the Mark tends to and does falsely create the impression that the products sold by Duke are authorized, sponsored, or approved by TGMJM.

32. Alternatively, or in addition to the foregoing, Duke's infringement of the Mark is likely to cause reverse confusion, tending to and falsely creating the impression that the products sold by TGMJM are either authorized, sponsored, or approved by Duke or the false impression that TGMJM is infringing on the rights of Duke.

33. TGMJM is suffering damage as a result of the acts of Duke as previously mentioned in an amount thus far not determined.

## SECOND CAUSE OF ACTION
### False Designation of Origin and False Description
### 15 U.S.C. §1125(a)(1)(A)

34. TGMJM repeats and realleges the allegations contained in prior paragraphs as if fully set forth herein.

230068832 v3

35. Duke has used in connection with the sale of its products, false designations of origin and false descriptions and representations that tend falsely to describe or represent their products.

36. Duke have caused the aforementioned products to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of TGMJM.

37. Duke's use of the Mark constitutes the use of false designations of origin and false descriptions and representations tending falsely to describe or represent goods sold by Duke.

38. Duke has distributed, offered for sale, or sold its products by using the Mark with the express intent to cause confusion and mistake, to deceive and mislead the purchasing public, to trade upon the reputation of TGMJM, and improperly to appropriate the valuable trademark rights of TGMJM.

39. Alternatively, or in addition to the foregoing, Duke's conduct causes reverse confusion, tending to and falsely creating the impression that the products sold by TGMJM are either authorized, sponsored, or approved by Duke or the false impression that TGMJM is infringing on the rights of Duke.

40. TGMJM is suffering damage as a result of the acts of Duke as previously mentioned in an amount thus far not determined.

### THIRD CAUSE OF ACTION
### False Advertising
### 15 U.S.C. §1125(a)(1)(B)

41. TGMJM repeats and realleges the allegations contained in prior paragraphs as if fully set forth herein.

42. Duke has used in connection with the sale of its products, false designations of origin and false descriptions and representations, including words and symbols that tend falsely to describe or represent its products and services, and has caused such products and services to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of TGMJM.

43. Duke's use of the Mark as previously mentioned constitutes commercial false descriptions and representations in commercial advertising and promotion tending falsely to describe or represent goods sold by Duke because Duke's products are not comparable in style, quality or otherwise with TGMJM's products.

44. Duke has made the false statements referred to above all with the express intent of causing confusion and mistake, deceiving, and misleading the purchasing public, trading upon the reputation of TGMJM, and improperly appropriating the valuable trademark rights of TGMJM.

45. TGMJM is suffering irreparable harm and damage as a result of the acts of Duke as previously mentioned in an amount thus far not determined and has no adequate remedy at law.

**FOURTH CAUSE OF ACTION**
**Trademark Dilution**
**15 U.S.C. §1125(c)**

46. TGMJM repeats and realleges the allegations contained in prior paragraphs as if fully set forth herein.

47. TGMJM is the exclusive owner of the Mark for wine and liquor products.

48. TGMJM's Mark is widely recognized by the consuming public of the United States.

230068832 v3

49. TGMJM's Mark is distinctive and famous within the meaning of the Federal Trademark Dilution Act, 15 U.S.C. § 1125(c).

50. Duke's unlawful use of its infringing mark, its sale of its unlawful products, and its use of infringing websites are diluting the distinctive quality of TGMJM's Mark and decreasing the capacity of TGMJM's Mark to identify and distinguish TGMJM's products.

51. Duke's activities as alleged herein have diluted and are likely to continue diluting the distinctive qualities of TGMJM's Mark in violation of 15 U.S.C. § 1125(c).

52. At all times, Duke willfully intended to trade on TGMJM's reputation and dilute TGMJM's famous Mark.

53. By reason of the foregoing, TGMJM has suffered and will continue to suffer substantial damages and irreparable harm and has no adequate remedy at law.

### FIFTH CAUSE OF ACTION
**Common Law Trademark Infringement, Unfair Competition, and Misappropriation**

54. TGMJM repeats and realleges the allegations contained in prior paragraphs as if fully set forth herein.

55. Duke has intentionally and with bad faith appropriated the Mark with the intent of causing confusion, mistake, and deception as to the source of its goods or to otherwise wrongfully benefit from the infringement of TGMJM's rights without due compensation.

56. Duke has acted with the intent to palm off its goods as those of TGMJM, or to otherwise deceive the public.

57. Duke has, in bad faith, misappropriated TGMJM's Mark that was created through TGMJM's expense, skill and labor.

58. Such acts amount to trademark infringement, unfair competition, and wrongful misappropriation under the common law.

59. TGMJM is suffering damage as a result of the acts of Duke as previously mentioned in an amount thus far not determined.

## SIXTH CAUSE OF ACTION
### Unjust Enrichment

60. TGMJM repeats and realleges the allegations contained in prior paragraphs as if fully set forth herein.

61. TGMJM has expended significant effort, time, and money to create, develop, and protect its Mark.

62. Duke has enriched itself through the use of its infringing mark and related activities such as infringing websites which had the effect of harming TGMJM's Mark, the goodwill associated with the Mark, and the association in the industry and in the consuming public of TGMJM's Mark with TGMJM.

63. Duke has misappropriated TGMJM's Mark for financial gain and in order to derive other benefits.

64. Duke has unjustly retained the benefits of the use of TGMJM's Mark, the meaning associated with the Mark, and goodwill associated with TGMJM's Mark, through the use of its infringing mark.

## SEVENTH CAUSE OF ACTION
### New Jersey Statutory Unfair Competition at N.J.S.A. 56:4-1

65. TGMJM repeats and realleges the allegations contained in prior paragraphs as if fully set forth herein.

66. Duke has intentionally and with bad faith appropriated the Mark with the intent of causing confusion, mistake, and deception as to the source of its goods or to otherwise wrongfully benefit from the infringement of TGMJM's rights without due compensation.

67. Duke has acted with the intent to palm off its goods as those of TGMJM, or to otherwise deceive the public. Such acts amount to trademark infringement and unfair competition in violation of N.J.S.A. 56:4-1.

68. TGMJM is suffering damage as a result of the acts of Duke as previously mentioned in an amount thus far not determined.

**WHEREFORE**, TGMJM demands judgment against Duke as follows:

1) For actual damages suffered by TGMJM and for disgorgement of Duke's profits as a result of Duke's actions described herein;

2) For attorney's fees, interest, and costs of suit;

3) For an order barring Duke and Duke's affiliates, subsidiaries, partners, joint venturers, parent companies, successors and assigns, and Duke's officers, agents, servants, employees and attorneys, and all others in active concert or participation with Duke who receive actual notice of the order by personal service or otherwise, from:

    a) Using the Mark, or any confusingly similar variation thereof, as a trademark or service mark, or in Duke's business name or trade name;

    b) Using the Mark, or any confusingly similar variation thereof in Defendants' website domain(s); and

    c) Using the Mark, or any confusingly similar variation thereof in Duke's advertising that would cause a likelihood of confusion as to sponsorship, affiliation, or association between TGMJM and Duke.

4) For an order requiring Duke, Duke's affiliates, subsidiaries, partners, joint venturers, parent companies, successors and assigns, and Defendants' officers, agents, servants, employees and attorneys, to deliver to TGMJM for destruction all labels, stickers, signs, prints, packages, wrappers, receptacles, advertisements, apparel, merchandise and other written or printed material in their possession, custody or control that bear the Mark, alone or in combination with any other words, marks or other elements.

5) Such other and further relief as the Court may deem just and equitable.

## **JURY DEMAND**

TGMJM demands trial by jury on all issues amenable thereto.

ARCHER & GREINER  
A Professional Corporation  
21 Main Street – Suite 353  
Court Plaza South, West Wing  
Hackensack, New Jersey 07601  
Attorneys for Plaintiff, TGMJM Intellectual Holdings, LLC

By: */s/ Patrick Papalia*  
     Patrick Papalia, Esq.  
     Michael J. Forino, Esq.

Dated: February 25, 2025

230068832 v3